**FILED**

JEFFREY A. APPERSON, CLERK

FEB 27 2006

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:05CR-36-S

SHANE ANDRES
MARK JACKSON
MATTHEW JACKSON
DESHAUN ODENEAL                                                      DEFENDANTS

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.   When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against any defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The superseding indictment or formal charge against a defendant is not evidence of guilt. Each defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or produce any evidence at all.  This means that a defendant has no obligation to testify.  Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.  Any such earlier statement was brought to your attention only to help you decide how believable the witness' testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating the witness' testimony here in court.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field—one who is called an expert witness—is permitted to state an opinion.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the United States called as witnesses a number of persons named as co-defendants in the superseding indictment, with whom the United States has entered into plea agreements providing for a recommendation by the United States for a lesser sentence than the witnesses would otherwise be exposed to for the crimes to which they pled guilty.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.  However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because he wants to strike a good bargain with the United States.  So, while a witness of that kind may be entirely truthful when testifying, you should consider that witness' testimony with more caution than the testimony of other witnesses.

You have heard evidence that during the time about which a witness testified, the witness was using addictive drugs.  You have also heard evidence that the United States has entered into a plea agreement with this witness.  It is permissible for the United States to make such an agreement.  But such a witness' testimony should be considered with more caution than the testimony of other witnesses.  An addict may have a constant need for drugs and may also have a fear of imprisonment because his or her supply of drugs may be cut off.  You may consider these things in evaluating the witness' testimony.

And, of course, the fact that a witness has pled guilty to a crime charged in the superseding indictment is not evidence of the guilt of any other person.

## COUNT 1

Title 21, United States Code, Section 846, makes it a federal crime for anyone to conspire with someone else to commit a violation of the controlled substances laws of the United States. In this case, each defendant is charged with conspiring to distribute and to possess with intent to distribute cocaine base and marijuana.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the United States has proved each of the following facts beyond a reasonable doubt as to that defendant:

First:     That two or more persons reached an agreement to distribute and to possess with intent to distribute a mixture or substance containing cocaine base, or marijuana, or both;

Second:   That the defendant knew of the unlawful purpose of the agreement; and

Third:    That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

In order to return a verdict of guilty as to Count 1 as to any defendant, it is necessary that you unanimously agree, beyond a reasonable doubt, whether marijuana or cocaine base or both of them, were objects of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and willfully joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though that defendant had not participated before and even though that defendant played only a minor part.

The United States need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the United States need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were, in fact, members, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of a transaction or event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## SUPPLEMENTAL INSTRUCTION

If you have found Shane Andres or Deshaun Odeneal, or both of them, guilty as to Count 1 and if you have found that cocaine base was an object of the conspiracy, you must find beyond a reasonable doubt what quantity of cocaine base, if any, you believe from the evidence was reasonably foreseeable to the particular defendant within the scope of his agreement. You will indicate your findings on the verdict forms which have been provided for you.

## COUNTS 3, 4 AND 5

Title 18 United States Code, Section 924(c)(1), makes it a federal crime for anyone to possess a firearm in furtherance of a drug trafficking crime.

## Count 3

The defendant, Deshaun Odeneal, can be found guilty of Count 3 only if the following facts are proved beyond a reasonable doubt:

First:    That Deshaun Odeneal committed the drug trafficking crime charged in Count 1; and

Second:  That on or about January 1, 2004, in furtherance of the drug trafficking crime charged in Count 1, Deshaun Odeneal, aided and abetted by other persons named in Count 3, possessed one or more of the firearms described in Count 3 of the superseding indictment.

## Count 4

The defendant, Shane Andres, can be found guilty of Count 4 only if the following facts are proved beyond a reasonable doubt:

First:    That Shane Andres committed the drug trafficking crime charged in Count 1; and

Second:  That on or about January 4, 2005, in furtherance of the drug trafficking crime charged in Count 1, Shane Andres knowingly possessed one or both of the firearms described in Count 4 of the superseding indictment.

## Count 5

The defendant, Shane Andres, can be found guilty of Count 5 only if the following facts are proved beyond a reasonable doubt:

First:    That Shane Andres committed the drug trafficking crime charged in Count 1; and

- 12 -

Second: That on or about February 24, 2005, in furtherance of the drug trafficking crime charged in Count 1, Shane Andres knowingly possessed one or both of the firearms described in Count 5 of the superseding indictment.

## REGARDING COUNTS 3, 4, AND 5

Counts 3, 4, and 5 of the superseding indictment accuse some of the defendants of committing the crime of possession of a firearm in furtherance of a drug trafficking crime.

There are two ways that the United States can prove a defendant guilty of this crime. The first is by convincing you beyond a reasonable doubt that he personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement. In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that a defendant may be convicted of a crime committed by another conspirator, even though he did not personally participate in that crime himself.

But for you to find any one of the defendants guilty of possession of a firearm in furtherance of a drug trafficking crime based on this legal rule, you must be convinced that the United States has proved all of the following facts beyond a reasonable doubt as to that defendant:

First: That the defendant was a member of the conspiracy charged in Count 1;

Second: That after he joined the conspiracy, and while he was still a member of it, one or more of the other members of the conspiracy charged in Count 1 committed the crime of possession of a firearm in furtherance of a drug trafficking crime;

Third: That this crime was committed to help advance the conspiracy; and

Fourth: That this crime was within the reasonably foreseeable scope of the unlawful plan or scheme. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

Also, it is sufficient if the United States proves beyond a reasonable doubt with respect to each of Counts 3, 4, and 5, that the defendant knowingly possessed one of the firearms charged in that count.  In order to return a verdict of guilty as to any or all of Counts 3, 4, or 5, it is necessary that you unanimously agree, beyond a reasonable doubt, as to which coconspirator or conspirators possessed which firearm or firearms.

The United States is not required to prove that the defendant specifically agreed or knew that the crime would be committed.  But the United States must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

"Firearm" means any weapon which is designed to expel a projectile by the action of an explosive.

"In furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1, and that the firearm was strategically located so that it was quickly and easily available for use.

The United States does not necessarily have to prove that a defendant physically possessed the firearms for you to find him guilty of this crime.  The law recognizes two kinds of possession - actual possession and constructive possession.  Either one of these, if proved by the United States, is enough to convict.

To establish actual possession, the United States must prove that the defendant had direct, physical control over the firearm in question, and knew that he had control of it.

To establish constructive possession, the United States must prove that the defendant had the right to exercise physical control over the firearm in question, and knew that he had this right, and that he intended to exercise physical control over that firearm at some time, either directly or through other persons.

## REGARDING COUNT 3

The guilt of Deshaun Odeneal may be proved without evidence that he personally did every act involved in the commission of the crime charged in Count 3. Deshaun Odeneal has been charged in this count of possessing firearms in furtherance of a drug trafficking crime, aided and abetted by others in the commission of a crime.

One aids and abets another person by intentionally joining together with that person in the commission of a crime. The law holds a defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

You will note that the superseding indictment charges that the crimes were committed "on or about" certain dates.  The United States does not have to prove with certainty the exact dates of the alleged crimes.  It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the superseding indictment. Each crime, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the defendants guilty or not guilty of any of the crimes charged should not affect your verdict as to any other crime or any other defendant.

The defendants are on trial only for the specific crimes alleged in the superseding indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdicts you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdicts to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JEFFREY A. APPERSON, CLERK

NOV 0 8 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

SUPERSEDING INDICTMENT

NO.   3:05CR-36-S
21 U.S.C. § 846
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

SHANE ANDRES

MARK JACKSON
MATTHEW JACKSON

DESHAUN ODENEAL

The Grand Jury charges:

## COUNT 1

Beginning in or about August 1999, and continuing to the date of this Superseding Indictment, in the Western District of Kentucky, Jefferson County, Kentucky, EDDIE ALLMON, SHANE ANDRES, KARL BANKS, TONDALAYA DOTSON, MARK JACKSON, MATTHEW JACKSON, DARNELL MALLORY, JOHN MOORMAN, DESHAUN ODENEAL, ELAINA PERRYMAN, TAMIRA PETERS, DEZMOND PRINCE, JERMAINE PRINCE, DION ROSTICK,

250

**DEANDRE SHAW, RAVEN SPENCER, JOSEPH THOMPSON, RODERICK WARDLAW,** and **SAMUEL WASHINGTON,** defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, that is:

(a) Fifty grams or more of a mixture and substance containing cocaine base, also known as "crack," a Schedule II controlled substance as defined in 21 U.S.C. § 812;

(d) Marijuana, a Schedule I controlled substance as defined in 21 U.S.C. § 812.

All in violation of Title 21, United States Code, Section 846.

The Grand Jury further charges:

### COUNT 3

On or about January 1, 2004, in the Western District of Kentucky, Jefferson County, Kentucky, defendants **EDDIE ALLMON, KARL BANKS, DESHAUN ODENEAL,** and **DEZMOND PRINCE,** each aided and abetted by the other, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, possessed a firearm, that is, a Norinco 7.62 caliber SKS semiautomatic assault weapon, serial number 20001745, a Mossberg 12 gauge shotgun, serial number H39541, a Mossberg 12 gauge shotgun, serial number K522434

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

The Grand Jury further charges:

### COUNT 4

On or about January 4, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, **SHANE ANDRES,** defendant

-3-

herein, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, possessed a firearm, that is, a Hipoint 9mm semiautomatic pistol, serial number P0223998, and a Colt 9mm semiautomatic pistol, serial number PF15197.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

<u>COUNT 5</u>

On or about February 24, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, defendant **SHANE ANDRES**, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, possessed a firearm, that is, a Ruger 9mm semiautomatic pistol, serial number 307-88211, and a Beretta 9mm semiautomatic pistol, serial number DS005422.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

A TRUE BILL.

FO.

DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:LF:11/7/05

**VERDICT FORM A**

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE ANDRES, et al | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR36-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Shane Andres, _____ as to Count 1 of the superseding indictment.
<br>(guilty/not guilty)

The defendant, Shane Andres, _____ as to Count 4 of the superseding indictment.
<br>(guilty/not guilty)

The defendant, Shane Andres, _____ as to Count 5 of the superseding indictment.
<br>(guilty/not guilty)

Having found an object of the conspiracy included cocaine base, we find beyond a reasonable doubt that (check one)

_____ 50 or more grams of cocaine base
_____ 5 or more but less than 50 grams of cocaine base
_____ less than 5 grams of cocaine base

was reasonably foreseeable to Shane Andres within the scope of his agreement.

| **Foreperson's Signature** | **Date** | |
|---|---|---|
| | | |

**VERDICT FORM B**

| | |
|---|---|
| **United States District Court** | **District**<br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE ANDRES, et al | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR-36-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Mark Jackson, _____ as to Count 1 of the superseding indictment.
(guilty/not guilty)

| **Foreperson's Signature** | **Date** | |
|---|---|---|

**VERDICT FORM C**

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE ANDRES, et al | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR-36-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:


The defendant, Matthew Jackson, _____ as to Count 1 of the superseding indictment.
                                  (guilty/not guilty)

| **Foreperson's Signature** | **Date** | |
|---|---|---|

**VERDICT FORM D**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE ANDRES, et al | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR-36-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:

The defendant, Deshaun Odeneal, _____ as to Count 1 of the superseding indictment.
　　　　　　　　　　　　　　　　(guilty/not guilty)

The defendant, Deshaun Odeneal, _____ as to Count 3 of the superseding indictment.
　　　　　　　　　　　　　　　　(guilty/not guilty)

Having found an object of the conspiracy included cocaine base, find beyond a reasonable doubt that (check one)

_____ 50 or more grams of cocaine base
_____ 5 or more but less than 50 grams of cocaine base
_____ less than 5 grams of cocaine base

was reasonably foreseeable to Deshaun Odeneal within the scope of his agreement.

| **Foreperson's Signature** | **Date** |
|---|---|
|  |  |